IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

STEVEN ROY LARSON, individually )
 )
                    Plaintiff, )
vs. )     Cause No. _____
 )
UNITED STATES OF AMERICA, )
 )
                    Defendant. )

## COMPLAINT

COMES NOW Plaintiff  Steven Roy Larson by and through his attorney of record and for

his Complaint against Defendant United States of America, states:

### *Jurisdiction and Venue*

1. Jurisdiction is proper under 28 U.S.C. §1346(b).  This Count is brought pursuant

to the Federal Tort Claims Act, 28 U.S.C. §2671, et seq.  State action claims herein, if any, are

brought pursuant to this Court's supplemental jurisdiction, 28 U.S.C. §1367.

2. Plaintiff timely filed and served an Administrative Claim as required under the

F.T.C.A.,  Tort Claims Act, receipt acknowledged as of June 15, 2020, and a copy of the claim

along with the FedEx delivery record is marked as "Exhibit 1" and incorporated herein by

reference.

3. To the date of this filing, the administrative claim has not been denied, and more

than 6 months have passed since it was served.

4. Venue is proper in this District pursuant to 28 U.S.C. §1402 and 28 U.S.C. §1346

as Defendant is and was at all relevant times an agency of the U.S. government and did own,

control, manage or operate a medical center and hospital in the City of St. Louis, State of

Missouri of this Judicial District and the tortious acts or omissions complained of occurred within this Judicial District.

5.      At all times relevant hereto, Plaintiff Steven Roy Larson  was and is an adult resident and citizen of the State of Illinois and an honorably discharged Veteran of the U.S. military.

6.      At all times relevant hereto, The Department of Veterans Affairs Medical Center at St. Louis, Missouri, a/k/a "Cochran Veterans Affairs Medical Center", "Cochran VAMC", "Cochran VA Hospital" were and are a part of the Department of Veterans Affairs, an agency of the U.S. government and did own, control, manage or operate a medical center and hospital in the City of St. Louis, State of Missouri, and elsewhere in Missouri, and did employ physicians, nurses and other licensed medical professionals to practice medicine and/or their health-care related professions, and did hold itself out to the public and to Plaintiff as providing qualified medical and hospital services.

7.      At all times relevant hereto, Department of Veterans Affairs Medical Center at St. Louis, Missouri ["STLVAMC" or "Cochran"] was a part of the federal government or was a "Federal Agency" as defined in 28 U.S.C. §2671, et seq., and said Hospital and each individual herein named or described was acting within the scope of its agency or employment by the United States Department of Veterans Affairs.

8.      At all times relevant hereto Plaintiff  had presented at and was accepted and was being treated as a patient at STLVAMC and a healthcare-provider-patient relationship existed between the hospital and individual employees or agents of STLVAMC and Plaintiff, and Defendant and each provider owed to Steven Ray Larson the duty to provide hospital, nursing,

medical and/or surgical care, assessment and evaluation with the skill and care of a reasonable physician or other health-care professional in the same or similar circumstances, and Cochran VAMC had the duty to provide such qualified and competent health care professionals and care.

9.      At all relevant times, Defendant UNITED STATES OF AMERICA acted by and through STLVAMC  and its actual and apparent agents and employees, including its physicians, administrators, nurses, technicians, social workers, aides, interns, counselors, or trainees and including, but not limited to, each of the individuals named herein, and did hold each of said care providers out as its employee or agent, both by express statement and/or by action and uniform or insignia, and Plaintiff did rely upon such representations.

10.      On or about January 13, 2020 Plaintiff presented to STLVAMC Emergency Room with complaints including symptoms of a skin problem, scalp abscess and eyelid swelling, and STLVAMC accepted Plaintiff as a patient.

11.      At that same time and place, the providers at STL VAMC, and the records of that facility, were aware of this patient and his prior conditions including a history of diabetes mellitus, peripheral neuropathy and mild right sided weakness as a result of a prior  cerebral event, and Plaintiff presented at the Emergency Room there ambulating using a four-wheeled walker.

12.      At the time of his presentation to the STL VAMC facility, Plaintiff was and had been living independently and performing his own "activities of daily living" (ADL's).

13.      Upon Plaintiffs arrival to the STL VAMC Emergency Room, Plaintiff was triaged by a VA employee or agent, nurse Aaron Schoenhoff, who noted that "Plaintiff is a fall risk" and the nursing intervention would be "walker/wheelchair".

14.     After initial triage, Plaintiff was placed on an exam bed and VA employee or agent Registered Nurse Donna Cawvey followed, transported and provided nursing services to Plaintiff.

15.     While in the STL VAMC Emergency Room, a CAT scan was ordered for Plaintiff.

16.     A wheelchair was brought to Plaintiff's bedside for transfer to obtain his CAT Scan, and the wheelchair was placed next to the stretcher/exam bed that Plaintiff was laying on.

17.     Plaintiff was directed to move himself from the stretcher to the wheelchair without assistance or without adequate assistance.

18.     The STL VAMC employee that positioned the wheelchair for transport did not lock the wheels of the wheelchair, nor did they take appropriate safety precautions for transfer of Plaintiff.

19.     Plaintiff attempted to comply with the instruction to transfer himself with no assistance to the wheelchair, and moved himself so he was standing on the floor, however Plaintiff could not stand securely without support.

20.     As Plaintiff held the handle of the wheelchair for stability and positioning, the wheelchair spun away from him, causing Plaintiff to fall to the floor onto his side.

21.     Plaintiff suffered injury and was visibly in distress, and expressed extreme pain, and was not able to lift himself from the floor to the wheelchair.

22.     The VA employee present asked Plaintiff to lift himself up, again without aid.

23.     Eventually, a hoyer lift or similar device had to be used to assist Plaintiff up.

24.     At that same time and place, the VA, by and through its employees and agents

acting in the course and scope of their employment and duties, committed one or more of the following negligent acts or omissions:

   a.   Defendant failed to provide adequate assistance to Plaintiff getting off of the gurney or exam bed;

   b.   Defendant failed to provide hands-on assistance to Plaintiff for his transfer to a wheelchair when Defendant knew or should have known Plaintiff was a fall risk and required support to stand and/or walk;

   c.   Defendant left the wheelchair wheels unlocked for transfer when Defendant knew or should have known Plaintiff was a fall risk and required support to stand and/or walk;

   d.   Defendant's nurse or aid sent to transfer Plaintiff to radiology was not adequately trained or qualified in transfer protocol;

   e.   Defendant violated its own transfer and transport rules and guidelines;

   f.   Defendant violated its own protocols for fall-risk patients;

   g.   Defendant improperly ordered or instructed Plaintiff to attempt to stand up himself when he fell to the ground and was injured with a broken bone;

   h.   Defendant failed to provide a safe environment and failed to enforce safety and fall precautions.

   25.   As a direct and proximate result of one or more of the negligent and careless acts or omissions aforesaid, Plaintiff was caused to fall and suffered injuries to his body and the muscles, and tissues thereof, including but not limited to a femoral neck fracture of his right femur, and attendant injuries thereto; and Plaintiff suffered physical and emotional pain,

continuing and which will continue in the future, aggravations of prior injuries or conditions, some or all of which are permanent or progressive; Plaintiff was required to undergo extensive medical, pharmaceutical and surgical care, and was required to be bedridden for an extensive period of time after surgery; and Plaintiff suffered significant decubitus ulceration and skin breakdown; As further proximate result of the fall, injuries and consequences thereof, Plaintiff suffered significant depression, a deterioration in his health and well being, after which he was no longer able to ambulate after the fall, nor was he able to sustain his independence as he had prior to the January 13, 2020 visit to STL VAMC and fall, and Plaintiff will require additional care for his health, medical and basic life needs for the remainder of his life.

WHEREFORE, Plaintiff Steven R. Larson prays this Court enter judgment in his favor and against the Defendant United States of America in an amount fair, reasonable and sufficient to fully compensate him for his losses and damage, for costs of suit, and for such other relief as this Court deems just and proper.

THE LAW OFFICES OF DAVID N. DAMICK

/s/ David Damick
David N. Damick, MBEN 38903
One Metropolitan Square, Suite 2420B
211 North Broadway
St. Louis, Missouri 63102-2733
TEL: (314) 231-0570
FAX: (314) 621-8639
dnd@damicklaw.com
Attorneys for Plaintiff